Simmons *v.* Hancock.

5-773                                    284 S. W. 2d 116.

Opinion delivered November 28, 1955.

*Bruce Bennett* and *William I. Prewett,* for appellant.

*T. O. Abbott,* for appellee.

Ed. F. McFaddin, Associate Justice. The appellant claims that someone forged her name to a warranty deed which has been of record since 1937. The Chancery Court held that the signature was that of the appellant; and this appeal has ensued.

In 1954 appellees (J. A. Hancock and wife) filed this suit to have their title quieted against the appellant (Mrs. Annie Mae Simmons). The complaint alleged that the appellant executed a warranty deed to Mrs. Hancock[1] in 1937, but was now claiming that the deed was a forgery. Appellant, by answer and cross-complaint, alleged that the 1937 deed was a forgery, and that the Hancocks had all the time been the tenants of appellant.

Only a factual question is presented; and the evidence is in sharp dispute. Mrs. Simmons testified that in 1937 the property was worth in excess of $3,000.00; that she rented it to Mr. Hancock for $15.00 a month; that he executed to her four rental notes totalling $360.00 as evidence of rents to mature; that from 1937 to 1950 Mrs. Simmons was a nurse in New York and other places outside Arkansas; that the Hancocks paid the monthly rental to Mrs. Simmons' mother until her death in 1948; and that in 1950 Mrs. Simmons learned that no rents were then being paid. Other witnesses testified as to

[1] The deed was to the former wife of J. A. Hancock. After her death her heir conveyed the property to J. A. Hancock, who is the appellee. He has since remarried.

payments by Mr. Hancock to appellant's mother. The original deed in question was dated and acknowledged on November 26, 1937. Mrs. Simmons testified—and she was corroborated by a number of witnesses—that she was not in Arkansas on that date. She also testified that she did not know the man who, as Notary Public, claimed to have taken her acknowledgment.

On behalf of the appellees, the Notary Public who took Mrs. Simmons' acknowledgment to the deed on November 26, 1937, testified that his certificate of acknowledgment was true and correct. J. A. Hancock testified that he and his wife purchased the property from Mrs. Simmons just as recited in the deed—i.e., the assumption of an outstanding mortgage and the execution of the four vendor's lien notes totalling $360.00. The four notes —marked paid—were introduced in evidence; and on the back of one of the notes was the admittedly genuine and contemporaneous signature of Mrs. Simmons.[2] This signature was compared with the questioned signature of Mrs. Simmons on the deed. An employee of an El Dorado Bank—whose duties for almost fifteen years had been to pass on the genuineness of signatures—testified that, in his opinion, the admitted and the questioned signatures were both made by the same person.

We mention also one other significant matter. Each of the four notes had typewritten in it the description of the property here involved. Mrs. Simmons testified that none of this typewritten matter was in any of the notes when she received them or endorsed the one note as aforesaid. But even so the *printed* portion of each note said: "This note is given as part of the purchase price on the following described lands in Union County, Arkansas, to-wit: (lines for description). A lien is reserved on said property as security for the payment of this note, . . ." Thus Mrs. Simmons admittedly endorsed her name on the back of a note which said it was for the purchase price of property and that a lien was retained for the purchase price.

---

[2] Mrs. Simmons explained this by stating that she endorsed the note to hypothecate it for a loan, which she later repaid, and thereupon the note was redelivered to her.

From the evidence herein recited, and other in the record, the Chancery Court found that the questioned deed was genuine. We have examined the original instruments and we cannot say that the Chancellor was in error.

Affirmed.